**Electronically Filed
Intermediate Court of Appeals
30359
28-FEB-2013
08:44 AM**

NO. 30359

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JACQUELINE RIGSBY, Plaintiff-Appellant, v.
WILLIAM E. RIGSBY, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 61854)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Plaintiff-Appellant Jacqueline Rigsby ("Jacqueline")
appeals from (i) the January 4, 2010 Order Denying Plaintiff's
Motion for Post Decree Relief ("January 4, 2010 Order Denying
Plaintiff's Motion"), (ii) the January 4, 2010 Order Denying
Request for Reconsideration Filed December 22, 2009 ("January 4,
2010 Order Denying Reconsideration"), and (iii) the February 16,
2010 Order Denying Plaintiff's Second Request for Reconsideration
Filed January 22, 2010 ("February 16, 2010 Order Denying Second
Request for Reconsideration"), filed in the Family Court of the
First Circuit ("Family Court").[1]

The January 4, 2010 Order Denying Plaintiff's Motion
denied Jacqueline's September 3, 2009 Motion and Affidavit for
Post-Decree Relief ("September 3, 2009 Post-Decree Motion"),
under which Jacqueline sought an increase in alimony, and granted
Defendant-Appellee William E. Rigsby's ("William") oral motion to
terminate William's spousal support obligation. The January 4,
2010 Order Denying Reconsideration denied Jacqueline's
December 22, 2009 Request for Reconsideration under which
Jacqueline sought reconsideration of the Family Court's oral
announcement that the court would deny Jacqueline's September 3,
2009 Post-Decree Motion and grant William's oral motion to

---

[1] The Honorable Linda K.C. Luke presided.

terminate spousal support. The February 16, 2010 Order Denying Second Motion for Reconsideration denied Jacqueline's January 22, 2010 Second Request for Reconsideration under which Jacqueline sought reconsideration of the January 4, 2010 Order Denying Plaintiff's Motion.

On appeal, Jacqueline asserts multiple points of error, which can be summarized as follows: the Family Court erred by denying her request for alimony modification while granting William's motion to terminate his alimony obligation because to do so was unfair and inconsistent with the court's prior rulings in the case; William has a history of failing to comply with court-ordered child support and alimony obligations; the Family Court's articulated reason for denying Jacqueline's request for alimony modification and instead granting William's motion to terminate alimony was not supported by substantial evidence; the costs incurred by William in his defense against Jacqueline's claims were unnecessary; and William did not support his claim for a material change in financial circumstances.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Jacqueline's points of error as follows:

I.   Jurisdiction

In our August 25, 2010 Order Denying Defendant Appellee William E. Rigsby's August 2, 2010 Motion to Dismiss Appeal ("August 25, 2010 Order"), we concluded that Jacqueline's March 2, 2010 notice of appeal was timely filed as to the February 16, 2010 Order Denying Second Request for Reconsideration, Haw. R. App. P. 4(a), and that, therefore, we held only limited jurisdiction over this appeal. Order Den. Def.-Appellee William E. Rigsby's Aug. 2, 2010 Mot. Dismiss Appeal, at 2-3 (Haw. Ct. App. Aug. 25, 2010).

Accordingly, as we held in our August 25, 2010 Order, "pursuant to HRS § 571-54, we have jurisdiction over [Jacqueline's] appeal . . . *to the limited extent* that she seeks appellate review of the [February 16, 2010 Order Denying Second

Request for Reconsideration]" as though the January 22, 2010 Second Request for Reconsideration was brought under HFCR Rule 60(b). *Id.* (emphasis added).

II.  HFCR Rule 60(b) Analysis

The appeal of a denial of an HFCR Rule 60(b) motion brings up for review only whether the trial court abused its discretion in denying the motion itself; it does not bring up for review the merits of the underlying order or judgment.  *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2871 (2d ed. 1995).  A family court's grant or denial of a motion under HFCR Rule 60(b) is reviewed for abuse of discretion.  *De Mello v. De Mello*, 3 Haw. App. 165, 169, 646 P.2d 409, 412 (1982).

> An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant. In addition, the burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it.

*In re RGB*, 123 Hawai'i 1, 16–17, 229 P.3d 1066, 1081–82 (2010) (citations, brackets, and internal quotation marks omitted).

The record and Jacqueline's briefing provide no basis to warrant relief under HFCR Rule 60(b).  The Family Court stated three reasons for denying Jacqueline's January 22, 2010 Second Request for Reconsideration: (i) the request was untimely under HFCR Rule 59(e); (ii) the request "does not present any new evidence that was not previously submitted by [Jacqueline] at the December 9, 2009 hearing"; and (iii) "a substantial portion of [the request] is not relevant to the relief sought in [Jacqueline's] Motion and Affidavit for Post Decree Relief filed on September 3, 2009."  The first of the three reasons is inapplicable here because we treat the request as a motion for relief under HFCR Rule 60(b).  The third reason appears insufficient in that a substantial portion of Jacqueline's Second Request for Reconsideration nevertheless did relate to the relief she sought.[2/]  The second reason, however, is sufficient to

---

2/      The September 3, 2009 Post-Decree Motion sought an increase in alimony payments from $100/month to $2,150/month, based on Jacqueline's claim that she was "essentially homeless," William's alleged failure to make

justify the Family Court's decision and leads us to conclude that the court did not abuse its discretion in denying the January 22, 2010 Second Request for Reconsideration.

The purpose of a motion for relief, like a motion for reconsideration "is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." *See Schiller v. Schiller*, 120 Hawaiʻi 283, 288, 205 P.3d 548, 553 (App. 2009). It "is not a device to relitigate old matters . . . ." *See id.; see also* JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 60.03[4] (3d ed. 2009) (the standard for granting relief under Rule 59(e) and Rule 60(b) differs only slightly; Rule 59(e) motions are subject to a somewhat "lower threshold of proof" than Rule 60(b) motions).

Jacqueline's opening brief does not address the Family Court's conclusion that the January 22, 2010 Second Request for Reconsideration does not present any new evidence that was not previously submitted at the December 9, 2009 hearing. Instead, the opening brief focuses on Jacqueline's claim that the court was inconsistent over the course of several rulings, which culminated with the December 9, 2009 hearing. As such, the issue is waived.[3/] Haw. R. App. P. 28(b)(7); *Jou v. Schmidt*, 117

---

required alimony payments since 1966, and her ongoing medical- and dental-care needs. The January 22, 2010 Second Request for Reconsideration argued that the court, in denying an increase in alimony, had failed to consider a declaration dated November 24, 2009, which, Jacqueline claimed, had a file-stamped date of November 27, 2009, but was not received by the Family Court until December 11, 2009. Additionally, the Second Request for Reconsideration addresses at some length the evidence introduced by William in support of his claim that support payments should be terminated. As such, the issues addressed in the January 22, 2010 Second Request for Reconsideration appear reasonably related to the issues addressed in the September 3, 2009 motion and at the December 9, 2009 hearing.

[3/]     Furthermore, Jacqueline does not appeal from or address the Family Court's Findings of Fact and Conclusions of Law, filed April 1, 2010. As such, she does not challenge conclusion of law no. 9 where the court held that:

> Jacqueline's January 22, 2010, *Second Reconsideration Order* [sic] did not allege or establish that it was based on newly discovered evidence or on legal claims that could not have been discovered in advance of or presented at the time of the December 9, 2009, hearing, notwithstanding her due diligence. Therefore, the *Second Reconsideration Motion* did not allege or establish grounds for reconsideration of the Court's January 4, 2010, *Post-Decree Order*. *Sousaris* [*v. Miller*, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000)].

We are bound by the unchallenged conclusion. *Wong v. Cayetano*, 111 Hawaiʻi

Hawai'i 502, 504, 184 P.3d 817, 819 (2008). Irrespective of Jacqueline's failure to address the Family Court's "no new evidence" determination,[4] we are presented with no basis upon which to conclude that the Family Court abused its discretion in denying Jacqueline's January 22, 2010 Second Request for Reconsideration for the reasons expressed by the court in its February 16, 2010 Order Denying Second Request for Reconsideration.

III. Conclusion

Therefore, the February 16, 2010 Order Denying Second Request for Reconsideration is affirmed. We lack jurisdiction to consider the remainder of the issues raised and the orders appealed from.

DATED: Honolulu, Hawai'i, February 28, 2013.

On the briefs:

Jacqueline Rigsby
Pro Se Plaintiff-Appellant

Chief Judge

Robert M. Harris
for Defendant-Appellee

Associate Judge

Associate Judge

---

462, 479, 143 P.3d 1, 18 (2006).

[4]    Even if we ignored Jacqueline's waiver of the issue and the binding nature of the unchallenged conclusion and conducted our own comparison, the only possible new evidence or argument in the January 22, 2010 Second Request for Reconsideration is Jacqueline's initial contention that the Family Court failed to consider what she refers to as the November 24, 2009 Supporting Declaration which she says pre-dated the November 27, 2009 Supporting Declaration that was received and referred to in the December 9, 2009 hearing. According to Jacqueline, the November 24, 2009 Supporting Declaration "shows a Hawaii Court LDB(FIO)file [sic] stamp of Nov. 27, but was not received by the Family Court Division until Dec. 11, 2009, two full weeks later, and two days after the Dec. 9 hearing (Ex. 'A')." (Emphasis removed). The document attached as "Ex. 'A'," however, is not a declaration at all, but an exhibit list with a received "LDB (FIO)" date of November 27, 2009, and a family court received date stamp of December 11, 2009. The document itself addresses no argument and presents no information. In addition, absent the referenced declaration, we cannot determine that the information addressed in the January 22, 2009 Second Request for Reconsideration had any evidentiary basis. Therefore, the reference to the November 24, 2009 Supporting Declaration in the January 22, 2009 Second Request for Reconsideration is not new evidence or argument.